# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4338

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL WILLIAM ROWAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00362-TDS-1)

Submitted:  March 30, 2018                     Decided:  May 8, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael William Rowan pled guilty to wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1343 (2012), and making a false statement on a tax return and aiding and abetting the same, in violation of 18 U.S.C. § 2; 26 U.S.C. § 7206(1) (2012). The district court sentenced Rowan to 65 months' imprisonment for the wire fraud conviction and a concurrent term of 36 months' imprisonment for the false tax statement conviction. Rowan now appeals, arguing that the district court erred in imposing a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2016). We affirm.

"In assessing whether a sentencing court has properly applied the [Sentencing] Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 86 U.S.L.W. 3429 (U.S. Feb. 26, 2018); *see Padilla v. Troxell*, 850 F.3d 168, 174 (4th Cir. 2017) (defining clear error); *United States v. Andrews*, 808 F.3d 964, 970 (4th Cir. 2015) (applying clear error standard in reviewing district court's imposition of obstruction of justice enhancement). Guidelines § 3C1.1 provides for a two-level enhancement if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

USSG § 3C1.1. "[A] defendant is accountable [under § 3C1.1] for [his] own conduct and for conduct that [he] aided or abetted." *Id.* n.9.

2

Based on evidence presented at the sentencing hearing, the district court found that, during the Government's investigation of Rowan and his business partner's embezzlement scheme, Rowan aided in the preparation of a promissory note intended to conceal the fact that Rowan's business partner obtained a loan for their jointly-owned businesses under false pretenses. The district court also found that Rowan's obstructive conduct related to both his wire fraud conviction and other relevant conduct, including actions undertaken by Rowan's business partner in furtherance of the embezzlement scheme. *See* USSG § 1B1.3(a)(1)(B).

Our review of the record leads us to conclude that the district court's factual findings are not clearly erroneous and that the district court correctly applied the obstruction of justice enhancement. *See* USSG § 3C1.1 cmt. n.4(C) (stating that obstruction enhancement applies to "producing or attempting to produce a false . . . document or record during an official investigation"); *United States v. Thorson*, 633 F.3d 312, 321 (4th Cir. 2011) (affirming obstruction enhancement where defendant fabricated documents during Internal Revenue Service investigation with intent "to thwart the investigation"). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3